Because we find that Rockwell's petition must be dismissed for failure to exhaust, we do not reach the merits of her due process claim. We recognize that one could argue that the result here elevates form over substance. On remand, the district court could simply allow Rockwell to dismiss and abandon her unexhausted claim and then reenter the very judgment that is now before us. It is AEDPA, however, that mandates our decision, not the whims of this panel.

Although this outcome is admittedly inefficient in the present case, we believe that requiring the dismissal of mixed petitions will promote overall judicial efficiency and other important values. *See Rose*, 455 U.S. at 518-19 (requiring the dismissal of mixed petitions in the interests of preserving comity, relieving district courts of the "difficult if not impossible task of deciding when claims are related," and reducing the temptation on the part of district courts to consider unexhausted claims).

### III. CONCLUSION

For all of the reasons set forth above, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this opinion.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0211P (6th Cir.)
File Name:  00a0211p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

SHARON MAY ROCKWELL,
        *Petitioner-Appellee,*

v.                                    No. 99-1250

JOAN YUKINS,
        *Respondent-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 97-71072—Avern Cohn, District Judge.

Argued:  March 7, 2000

Decided and Filed:  June 29, 2000

Before:  SILER and GILMAN, Circuit Judges;
        O'MALLEY, District Judge.[*]

_____

### COUNSEL

**ARGUED:**  Laura Graves Moody, OFFICE OF THE ATTORNEY GENERAL, HABEAS CORPUS DIVISION, Lansing, Michigan, for Appellant.  Craig A. Daly, Detroit,

_____

[*] The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

Michigan, for Appellee. **ON BRIEF:** Laura Graves Moody, Vincent J. Leone, OFFICE OF THE ATTORNEY GENERAL, HABEAS CORPUS DIVISION, Lansing, Michigan, for Appellant. Craig A. Daly, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

RONALD LEE GILMAN, Circuit Judge.     Sharon Rockwell, a Michigan state prisoner, filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan. Both of the claims contained in her petition had previously been presented to and rejected by the Michigan courts. Her state remedies had thus been exhausted. She then amended her petition to include a third claim that had not been exhausted in the Michigan courts. After excusing Rockwell's failure to exhaust her third claim, the district court granted the petition based on arguments proffered in one of the exhausted claims. For the reasons set forth below, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this opinion.

## I. BACKGROUND

Rockwell lived with her husband, Edward Rockwell, and their sons Hal, Kevin, and Teddy in Oxford, Michigan. In 1989, Hal and two of his friends, Jeffrey Greene and Mario Stitt, made two unsuccessful attempts on Edward's life. One attempt involved cutting the brake lines on his car and the other consisted of striking him twice on the head with a baseball bat while he was watching television at home. Rockwell was not present during either of these attempts. The State of Michigan charged Hal with attempted murder and Rockwell with conspiracy to commit murder.

The prosecution's case against Rockwell relied upon several discussions that she had had with her sons concerning

. . . . Specifically, as explained below, petitioner was deprived of her constitutional right to present a defense." The fact that one of the exhausted claims in a mixed petition may provide meritorious grounds for granting the petition, however, does not suffice to constitute an "exceptional" case.

In *Granberry v. Greer*, 481 U.S. 129 (1987), the Supreme Court discussed by way of example that it would be appropriate for an appellate court to affirm the grant of a writ of habeas corpus on the basis of a mixed petition when "a full trial has been held in the district court and it is evident that a miscarriage of justice has occurred." *Id.* at 135. From the context of the cited example, however, it is clear that affirmance was appropriate because the district court had conducted the trial unaware of the petitioner's failure to exhaust her state remedies. The example was based upon the facts of *Frisbie v. Collins*, 342 U.S. 519 (1952), in which the state did not raise the nonexhaustion defense. The *Granberry* Court noted this fact by concluding, "[a]s we recognized in *Frisbie*, the cases in which the nonexhaustion defense is not asserted in the district court may present a wide variety of circumstances which the courts of appeals . . . are able to evaluate individually." *Granberry*, 481 U.S. at 136.

In the present case, both the parties and the district court were aware of the mixed nature of Rockwell's amended petition. To allow a district court, squarely presented with the exhaustion issue, to grant a petitioner's claim on the merits and then rationalize its decision after the fact on the grounds that it had already conducted a full review would vitiate the exhaustion requirement.

Although we are sympathetic with Rockwell's current position and with the delays that she has endured, we cannot conclude that the current case presents such exceptional factors as to warrant excusing her failure to exhaust. "Extending *Granberry* beyond the 'exceptional' or 'unusual' case undermines the law's clear preference for having unexhausted claims decided in state court." *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996).

claims only. In AEDPA, Congress similarly made clear that the only circumstance under which mixed petitions may be considered by a district court is where the court determines that the petition must be denied in its entirety. *See* 28 U.S.C. § 2254(b). Thus, while Congress altered the *Rose* exhaustion rule slightly by the passage of AEDPA, it did not do so in a manner which inures to Rockwell's benefit in this case.

Second, the district court explained that when Rockwell presented her third claim to the district court, she was seeking one of two alternative remedies—requesting that the district court either allow her to amend her petition to include the unexhausted claim or to stay the proceedings and allow her an opportunity to exhaust her third claim in state court. The district court allowed Rockwell to amend her petition. In light of that background, the district court reasoned that "[i]t would work a manifest injustice on [Rockwell] for this Court now to tell [her] that she must return to state court to file a motion to vacate judgment" when, seventeen months earlier, it had excused the lack of exhaustion and allowed her to amend.

Faced with Rockwell's motion to amend, the optimal course of action for the district court would have been to deny the motion, thus giving Rockwell the option of either proceeding with her two exhausted claims or withdrawing her petition and pursuing her third claim in state court. *Cf. Rose*, 455 U.S. at 510 (having dismissed the habeas petition for failure to exhaust, the court left the petitioner with "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court"). But Rockwell is ultimately the one responsible for the status of her petition, not the district court. Having knowingly added an unexhausted claim to her petition, Rockwell cannot now lay the blame at the feet of the district court.

As the "[m]ost important" justification for excusing Rockwell's failure to exhaust all of her claims, the district court stated that "unusual and exceptional circumstances exist

plans to kill Edward. Rockwell's defense at trial was that Edward had sexually abused her sons, and that these conversations were conducted as a form of therapy in which her sons vented their anger towards their father, not as serious formulations of a plan to kill Edward.

To establish her "therapy" defense theory, Rockwell sought to introduce evidence at trial that Edward had in fact sexually abused their three sons. The Michigan trial court granted the state's motion to exclude this evidence, apparently without considering Rockwell's arguments in opposition. On November 13, 1989, Rockwell was convicted of conspiracy to commit murder and sentenced to life in prison. The Michigan Court of Appeals affirmed, holding that, although the evidence of abuse was relevant, the trial court did not abuse its discretion in excluding it. Rockwell's application for leave to appeal to the Michigan Supreme Court was denied.

On March 17, 1997, Rockwell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. She raised two issues in the petition, one challenging the sufficiency of the evidence supporting her conviction and the other objecting to the ruling of the state trial court that had excluded evidence of Edward Rockwell's sexual abuse of their sons. Both of these issues had been exhausted in the Michigan courts.

On June 11, 1997, however, Rockwell filed a motion to amend her petition to include as a third issue a challenge to the jury instructions given by the trial court. Rockwell had not previously raised this challenge in the Michigan courts. The state did not object to the motion, however, and the district court allowed Rockwell to amend her petition to include this third claim.

On March 9, 1999, the district court granted Rockwell's petition. The decision was based on Rockwell's claim that her due process right to present a complete defense was violated by the trial court's exclusion of the evidence of abuse. It noted that the exhaustion requirement is not jurisdictional and may be excused in certain instances. For

the reasons discussed below, the district court decided to excuse Rockwell's failure to exhaust her third claim. The state filed a timely appeal on March 10, 1999, challenging the district court's failure to dismiss for lack of exhaustion as well as its conclusion that Rockwell had been denied her due process right to present a complete defense.

## II.  ANALYSIS

"In appeals of federal habeas corpus proceedings, we review the district court's legal conclusions *de novo* and its factual findings under a 'clearly erroneous' standard." *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) codified the requirement that an applicant for a writ of habeas corpus first exhaust her claims in state court before presenting them to federal court. *See* 28 U.S.C. § 2254(b). Under this requirement, an applicant may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent "unusual" or "exceptional" circumstances. *See O'Guinn*, 88 F.3d at 1412 (citing *Granberry v. Greer*, 481 U.S. 129 (1987)).

Such circumstances are not present in this case. In *Granberry*, the case in which the Supreme Court set out the parameters of the exception to the exhaustion requirement, the state had waived the defense of nonexhaustion before the district court. It was in this context that the Court prescribed a "middle course," holding that "the appellate court is not required to dismiss for nonexhaustion notwithstanding the State's failure to raise it, and the court is not obligated to regard the State's omission as an absolute waiver of the claim." *Id*. at 133. Instead, the Court instructed appellate courts to "take a fresh look at the issue," and "determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a

series of additional state and district court proceedings before reviewing the merits of the petitioner's claim." *Id*. at 134.

In the years since *Granberry* was decided, AEDPA has been amended to provide that a state will no longer be found to have waived the defense of nonexhaustion unless it does so expressly and through counsel. *See* 28 U.S.C. § 2254(b)(3). Thus, the state's failure to object when Rockwell moved to add an unexhausted claim to her petition did not constitute a waiver of the defense. Rockwell argues, however, that the state expressly waived the nonexhaustion defense by arguing in its opposition to Rockwell's petition that "no useful purpose would be served by dismissing [Rockwell's] habeas petition under the total exhaustion rule because her claims are meritless." The district court did not view this statement as a waiver, and neither do we. In context, this statement simply functions as a transition between the state's two alternative arguments—namely, that Rockwell's claim was not exhausted and, in any event, that the claim was meritless and therefore ought to be dismissed on the merits pursuant to 2254(b), whether it was exhausted or not.

The district court offered several justifications for its decision to excuse the mixed nature of Rockwell's petition, none of which we find persuasive. First, because the district court intended to grant Rockwell's petition on the grounds of an evidentiary claim that had been properly exhausted, it found that it would not need to reach the merits of Rockwell's unexhausted claim. "The Court will therefore not interfere with a state court's opportunity to review the unexhausted claim in the first instance." Although this reasoning has undeniable appeal, it cannot be reconciled with the Supreme Court's decision in *Rose v. Lundy*, 455 U.S. 509, 519 (1982), or with the clear text of AEDPA. In holding that a district court may not review mixed petitions, the Court sent an unmistakably clear message to petitioners: "[B]efore you bring any claims to federal court, be sure that you first have taken each one to state court." *Id*. at 520. The Court could have, but did not, hold that a district court may consider mixed petitions so long as it limits its review to the exhausted