**Ralph A. GARRETT, Petitioner–Appellant,**

v.

**Dale M. WATSON, Warden, Wkcc, Respondent–Appellee.**

No. 00–6358.

United States Court of Appeals, Sixth Circuit.

June 18, 2001.

Before JONES, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.

Ralph A. Garrett appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1996, a Kentucky jury convicted Garrett of one count of first-degree rape and two counts of first-degree sexual abuse, violations of Ky.Rev.Stat. §§ 510.110 and 510.040. He was sentenced to twenty-two years of imprisonment, and this sentence was affirmed on direct appeal.

In his § 2254 petition, Garrett alleged: 1) that the trial court improperly vacated an order of dismissal; 2) that a pretrial agreement required dismissal; 3) that he was tried by a prosecutor from another county; 4) that the court allowed prosecutorial misconduct; and 5) that the court should have held a hearing on the testimony of an expert witness. He also alleged that the procedural default of these claims was due to the ineffective assistance of counsel. Thus, the petition was construed as raising an unexhausted ineffective assistance claim, which Garrett agreed to voluntarily dismiss. The district court rejected a magistrate judge's recommendation and dismissed the petition on September 29, 2000. Garrett now appeals, moving for the appointment of counsel on appeal.

We review the district court's legal holdings de novo and its factual findings for clear error. *Seymour v. Walker*, 224 F.3d 542, 549 (6th Cir.2000), *cert. denied*, ––– U.S. ––––, 121 S.Ct. 1643, 149 L.Ed.2d 502 (2001). Relief is available only if the state court's rejection of Garrett's claims:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

The Commonwealth argues that this case should have been dismissed as it involved a mixed petition that contained an unexhausted ineffective assistance of counsel claim. *See generally Rose v. Lundy*, 455 U.S. 509, 519–20, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, Garrett did not raise ineffective assistance as a separate claim, and the district court acted within its authority when it allowed him "to dismiss and abandon" his unexhausted claims. *Rockwell v. Yukins*, 217 F.3d 421, 425 (6th Cir.2000). Thus, Garrett's petition was no longer "mixed" when the court entered its final judgment.

The district court found that Garrett had not shown cause that might excuse the procedural default of his claims. Garrett now argues that his attorney caused the default and that the court should have held his petition in abeyance while he exhausted his state remedies regarding an ineffective assistance claim. We need not reach this argument, as Garrett's current claims all lack substantive merit. Thus, he has not shown prejudice regarding his default, and the failure to do so independently defeats his claims. *See Murray v. Carrier*, 477 U.S. 478, 494–95, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Garrett alleged that the trial court lacked jurisdiction to vacate a pretrial order dismissing his case. The Kentucky Supreme Court described the background of this claim as follows:

Before trial, Garrett entered into an agreement with the Commonwealth to undergo an examination by a mutually satisfactory medical professional to de-

termine whether he was a carrier of vaginal warts. If Garrett was not a carrier, the charges were to be dismissed .... The agreement also stipulated that if it was not possible to test for the existence of this virus in Garrett then the agreement was void.

[O]n June 1, 1994, Garrett moved to dismiss the charges based upon the medical report of Dr. Hutson .... On July 19, 1994, the trial judge dismissed the charges under the indictment "in accordance with [the] agreement between the parties."

[T]he Commonwealth filed a motion under CR 60.02 asking the court to vacate its order of dismissal. A hearing on the matter was held for which Garrett was present but his attorney failed to appear.... [T]he trial judge vacated the order of dismissal. He found that notice to the Commonwealth regarding the motion to dismiss was inadequate, and there was insufficient compliance with the agreement....

*Garrett v. Kentucky*, No. 96–CR–259, slip op. at 2 (Ky. Apr. 16, 1998). The state supreme court held that this claim had not been properly preserved for appeal. However, it also indicated that the claim was lacking in substantive merit.

It is clear that there was insufficient compliance with the agreed order to warrant dismissal. There is no indication in the record that Dr. Hutson was, as the agreed order required, a physician mutually satisfactory to both Garrett and the Commonwealth. Moreover, the agreement stipulated that if testing for the existence of this virus in Garrett was not possible then the agreement was void. Dr. Hutson testified that there was no test for the existence of this virus. Accordingly, the agreed order was void. The trial judge did not err in vacating the order of dismissal.

*Id.* at 3. Garrett has not shown that this analysis was based on an unreasonable interpretation of the facts or an unreasonable application of clearly established Supreme Court precedent. Thus, his claim fails to provide a viable basis for federal habeas corpus relief. *See* 28 U.S.C. § 2254(d).

Garrett next alleged that the trial court erred by finding that he had not met his obligations under the agreement. The state supreme court made the following findings regarding this claim:

Garrett's interpretation that the agreed order is void only if he refused testing for the genital warts virus is unsupportable. The clear language of the agreement is that if a test is unavailable, as was the case here, then the plea agreement was void.

. . . .

Here, the evidence establishes that the medical test envisioned by the parties could not be done. The trial judge did not err in vacating his earlier order due to insufficient compliance with the plea agreement.

*Garrett*, at 3–4. Thus, Garrett's current claim fails because these findings are not based on an unreasonable interpretation of the facts or an unreasonable application of the controlling precedent. 28 U.S.C. § 2254(d).

In his third claim, Garrett alleged that he was tried by an attorney from another county, who had not been properly appointed as a special prosecutor. The state supreme court made the following findings regarding the merits of this claim:

Garrett overlooks the fact that by statute, each Commonwealth's Attorney "shall be, ex officio, a special prosecutor of the Commonwealth," when so directed by the Attorney General to prosecute actions such as this case, which may be

outside the Commonwealth's Attorney's usual judicial district.

Yet, Garrett maintains that an Assistant Commonwealth Attorney cannot, pursuant to KRS 15.760, delegate authority to the office as a whole. He ignores his own admission that the office of the McCracken County Commonwealth's Attorney had already been given special prosecutor status before the Assistant Commonwealth's Attorney's appointment. No error occurred. *Garrett,* at 4–5. Garrett has not shown that this reasoning was based on an unreasonable application of the facts or of clearly established Supreme Court law. 28 U.S.C. § 2254(d). Moreover, this claim involves an issue of state law that is not cognizable here. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Garrett also alleged the trial court allowed "Rampant Prosecutorial Misconduct," because the prosecutor argued that he had a deceitful motive in being examined for genital warts and that the prosecutor improperly cross-examined him as to whether he had an alibi. The Kentucky Supreme Court plainly held that these claims were lacking in substantive merit.

Garrett also contends that prosecutorial misconduct occurred when the Commonwealth moved to suppress evidence of the terms of the agreed order concerning his being tested for the genital warts virus and then argued that he had a deceitful scheming motive for seeking to be tested. Garrett sought out examination by Dr. Hutson only after he learned from other sources that there was no test for the genital warts virus. Because the test results would tend to relieve Garrett of blame, it was not prosecutorial misconduct to question Garrett about the way in which he went about seeking to be tested.

Garrett asserts that because the indictment was amended regarding the dates of two of the offenses, it was prosecutorial misconduct when the Commonwealth asked him if he had an alibi witness.... [T]he Commonwealth's question pertained to no specific time or offense. There was no prosecutorial misconduct.

*Garrett,* at 5–6. Garrett's current prosecutorial misconduct claims fail because he has not shown that this analysis involves an unreasonable application of the facts or of the controlling law. *See* 28 U.S.C. § 2254(d).

Finally, Garrett alleged that the trial court should have held a hearing before it allowed a witness to testify that he had the Herpes virus. *See generally Daubert v. Merrell Dow Pharms. Inc.,* 509 U.S. 579, 592–95, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The state supreme court found that "a *Daubert* type hearing was not required because Dr. Hutson testified as to no STD test [that was] 'not accepted within the general scientific community.'" *Garrett,* at 6–7. This ruling was not based on an unreasonable application of the facts or the controlling precedent. *See* 28 U.S.C. § 2254(d). Moreover, Garrett's claim is not cognizable insofar as it is based on a simple issue of state evidentiary law. *See Estelle,* 502 U.S. at 67–68, 112 S.Ct. 475.

Accordingly, Garrett's motion for counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.