**Thomas J. DILLON, Petitioner–Appellant,**

v.

**Tim HUTCHINSON, Sheriff of Knox County; State of Tennessee, Respondents–Appellees.**

**No. 01–6271.**

United States Court of Appeals, Sixth Circuit.

Nov. 19, 2003.

Douglas A. Trant, Knoxville, TN, for Petitioner-Appellant.

Michael J. Fahey, II, Asst. Atty. General, Mark A. Fulks, Ass. Atty. General, Nashville, TN, for Respondent-Appellee.

Before KEITH, COLE, and COOK, Circuit Judges.

## OPINION

COOK, Circuit Judge.

Petitioner–Appellant, Thomas J. Dillon, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. Dillon claimed entitlement to the writ because the State of Tennessee denied him his right to a speedy trial after his transfer from federal to state custody to be tried on pending state charges pursuant to the Interstate Agreement on Detainers ("IAD"). The district court dismissed the petition because it found that the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), barred the petition as untimely and Dillon failed to exhaust available state remedies. The district court also noted that violations of the IAD are not a basis for federal habeas corpus relief. We conclude that the statute of limitations does not bar Dillon's petition, but his failure to exhaust state remedies does. Therefore, we **AFFIRM** the judgment of the district court.

### I. BACKGROUND

In 1989, Dillon was in federal custody pursuant to a sentence unrelated to the matter now before the court. That same year, Tennessee indicted Dillon on charges of premeditated and felony murder. In December 1990, the federal government transferred Dillon to Tennessee's custody. This transfer was made under the IAD, which imposes strict time limits on the defendant's time for trial.

The trial court originally set Dillon's trial for February 11, 1991, two months after he arrived in Tennessee's custody, within the time period permitted by the IAD. On the day of trial, however, the court granted Dillon's motion to suppress evidence, prompting Tennessee to file an interlocutory appeal of that court order. While that appeal was pending, Dillon

moved to dismiss the indictment because Tennessee did not try him within the 120–day time limit set by the IAD. Finding that Tennessee's appeal of the suppression order delayed the trial beyond the IAD's time limit, the court dismissed the indictment.

Tennessee then also appealed the dismissal of the indictment. The Court of Criminal Appeals, having consolidated Tennessee's appeals, reversed both the trial court's suppression order and the dismissal order and remanded the case. The Tennessee Supreme Court affirmed, holding that Dillon's motion to suppress tolled the 120–day period prescribed in Article IV of the IAD.

On remand, the parties reargued the suppression issue. The trial court again suppressed the evidence and Tennessee again pursued an interlocutory appeal. During the pendency of that appeal, Tennessee released Dillon on bond. Three years after the original Tennessee trial date, the Court of Criminal Appeals again reversed the trial court's decision and remanded the case. The Tennessee Supreme Court denied Dillon's petition for review. Since that time, Dillon remains on bond awaiting trial.

On April 21, 1999, Dillon filed a petition for a writ of habeas corpus under section 2241 claiming that (1) Tennessee failed to comply with the IAD's Article III(a) requirement that a continuance be granted only "for good cause shown in open court," (2) Tennessee violated the antishuttling provision of Article III(d) of the IAD by returning him to federal custody, (3) Tennessee violated Article III(a) of the IAD by failing to try Dillon within 180 days of his initial request for a speedy trial, and (4) Tennessee denied Dillon his constitutional right to a speedy trial because of the IAD violations.

The district court dismissed the habeas petition and denied Dillon a certificate of appealability. This court then granted a certificate of appealability under 28 U.S.C. § 2253 and Fed. R.App. P. 22(b), limited to three issues: (1) whether Dillon's petition is barred by the one-year statute of limitations of 28 U.S.C. § 2244(d), (2) whether Dillon has exhausted available state court remedies, and (3) whether a violation of the IAD can support federal habeas corpus relief.

## II. ANALYSIS

### A. Standard of Review

This court reviews de novo a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999).

### B. Statute of Limitations

■ Tennessee argues that the applicable statute of limitations bars Dillon's habeas petition. A one-year statute of limitations governs petitions for habeas corpus filed, as was Dillon's, under 28 U.S.C. § 2241. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) (emphasis added) provides, in part, that: "A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a *judgment* of a State court...."

We conclude that this provision does not bar Dillon's petition because he is not "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Dillon is not in custody pursuant to the *judgment* of a state court. Instead, Dillon currently awaits trial on Tennessee's charges. The limitations period, therefore, has not yet commenced, and the district court erred in holding Dillon's petition time-barred.

### C. Exhaustion of State Remedies

■ Though we find the applicable one-year statute of limitations does not impede

relief in this case, Dillon's failure to exhaust remedies available under Tennessee law precludes our granting a writ. The United States Supreme Court has held that federal courts generally should not rule on a habeas corpus petition until the state courts have had a complete opportunity to act on the claims raised in that petition. *Rose v. Lundy,* 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). A "strong presumption" exists that all available state remedies must be exhausted before a petitioner files a petition for writ of habeas corpus. *Granberry v. Greer,* 481 U.S. 129, 131, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987). If some of a petitioner's claims have been exhausted in state court, but others have not, a federal court should dismiss the entire petition. *Rose,* 455 U.S. at 522.

Dillon's petition includes four claims, each of which he failed to exhaust in state court. During oral argument, and in supplemental briefing, Dillon conceded that his petition presented unexhausted claims. Dillon asks this court to exercise its discretion to hear a petition that includes unexhausted claims, despite the strong presumption in favor of state courts having the first opportunity to resolve them. *Granberry,* 481 U.S. at 130. Courts should only rarely and reluctantly review unexhausted claims because doing so undermines the law's clear preference for having unexhausted claims decided in state court. *O'Guinn v. Dutton,* 88 F.3d 1409, 1413 (6th Cir.1996) (en banc) (per curiam).

Dillon argued that the extended delay in bringing his case to trial warrants overcoming the strong presumption in favor of state courts resolving claims. Dillon argues his is the rare case deserving exception from the exhaustion requirement. But Dillon's failure to pursue in state court the claims he presents to this court disqualifies his case from consideration under the narrow exception. *Rockwell v. Yukins,* 217 F.3d 421, 424 (6th Cir.2000) (petitioner was responsible for delay caused by presenting unexhausted claim in her petition and the delay did not create an exceptional factor warranting excusing her failure to exhaust); *Dunbar v. Pitcher,* No. 98–2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000) ("inordinate delay" in Michigan's appeals process is best addressed to Michigan's courts in the first instance).

Because we decide that Tennessee must first have its opportunity to review Dillon's unexhausted claims, we do not reach the third issue certified for appeal—whether a violation of the IAD can support federal habeas corpus relief.

### III. CONCLUSION

We **AFFIRM** the district court's dismissal without prejudice of the petition for a writ of habeas corpus.