**Richard BROCK, Petitioner–Appellant,**

v.

**Carol HOWES, Warden, Respondent–Appellee.**

**No. 03–2105.**

United States Court of Appeals, Sixth Circuit.

April 30, 2004.

Richard Brock, Coldwater, MI, pro se.

Raina I. Korbakis, Asst. Atty. General, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before SUHRHEINRICH, GIBBONS, and SUTTON, Circuit Judges.

## ORDER

Richard Brock moves for bail on appeal from a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. §§ 2241 & 2254 as barred under the one-year statute of limitations, 28 U.S.C. § 2244(d)(1)(D). This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Brock filed his petition alleging that Michigan officials impermissibly calculated his parole eligibility date based upon standards not in effect at the time of his sentencing. Essentially, Brock objects because he was denied good time credits for prison disciplinary convictions pursuant to a state statute enacted before his disciplinary convictions, but after his underlying criminal conviction. Respondent filed a motion to dismiss the petition as barred under the one-year statute of limitations, and Brock filed a response in opposition. The district court granted respondent's motion and dismissed the petition. Brock filed a timely notice of appeal, and the district court granted Brock a certificate of appealability.

In his brief on appeal, Brock reiterates the claims he asserted in his petition, and contends that his petition is not subject to the statute of limitations because he filed his petition pursuant to 28 U.S.C. § 2241 and because he is not challenging his underlying criminal conviction. Respondent contends that the district court properly dismissed Brock's petition as barred under the statute of limitations and correctly concluded that Brock's petition lacks merit in any event. Upon de novo review, *see* *McClendon v. Sherman,* 329 F.3d 490, 492 (6th Cir.2003), we deny the motion for bail, and affirm the district court's judgment because the petition is barred under the applicable statute of limitations.

At least two other courts of appeals have concluded that the one-year statute of limitations applies equally to habeas petitions filed by state prisoners under § 2241. *See* *Burger v. Scott,* 317 F.3d 1133, 1138 (10th Cir.2003); *Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir.2000). More recently, this court held that the one-year statute of limitations applied to a § 2241 petition filed by a state prisoner, albeit in an unpublished decision. *Dillon v. Hutchinson,* 82 Fed.Appx. 459 (6th Cir.2003). Under these circumstances, the district court correctly concluded that the one-year statute of limitations applies to Brock's habeas petition.

Moreover, the district court correctly concluded that the statute of limitations bars Brock's petition under the circumstances of this case, a conclusion that Brock does not challenge on appeal. By failing to address on appeal the district court's application of the statute of limitations in this case, Brock has waived appellate review of the issue. *See Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998). Nonetheless, it is noted that the district court properly dismissed Brock's petition as barred under the statute of limitations. It is also noted that the district court also correctly concluded that Brock's claim that Michigan officials impermissibly calculated his parole eligibility date based upon standards not in effect at the time of his sentencing lacks merit in any event.

For the foregoing reasons, the motion for bail is denied, and the district court's

judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.