NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0758n.06
Filed: December 12, 2008

No. 06-4288

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ALONZO FREEMAN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ERNIE MOORE, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: DAUGHTREY and GIBBONS, Circuit Judges; and ZATKOFF, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge**. Alonzo Freeman appeals the district court's denial of his petition for *habeas* relief. Freeman claims the district court erred by: (1) denying his constructive amendment/due process claim; and (2) denying his ineffective assistance of appellate counsel claim. For the following reasons, we affirm.

**I.**

The facts and procedural history are not in dispute. On July 7, 1999, Alonzo Freeman, Jr. fired a gun at two police officers, wounding both. A grand jury charged Freeman with two counts of attempted murder with a firearm specification attached to each count.

_____

[*] The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

-1-

At trial in the Common Pleas Court of Montgomery, Ohio, the jury was instructed that if it did not find Freeman guilty of attempted murder, it could still find him guilty of the "lesser included offense(s)" of felonious assault or aggravated assault. Although the trial judge did not indicate which Ohio statutory provision defined "felonious assault," he told jurors that the offense requires "knowingly causing serious physical harm to another." He then clarified the elements of this offense by defining "knowingly," and "serious physical harm." The jury found Freeman not guilty of attempted murder but guilty of two counts of felonious assault[1] with a firearm specification for each offense. The verdict form referred to "felonious assault" as "lesser included offense."

On August 27, 2001, Freeman's appellate counsel submitted a brief to the Ohio Court of Appeals, making a number of arguments related to the trial court's failure to suppress evidence. On November 9, 2001, Freeman filed a motion for leave to file a supplemental *pro se* brief. Freeman asserted that he sought to supplement his counsel's brief, which failed to argue that the trial court had constructively amended the indictment by instructing the jury on elements not included in the indictment, allowing him to be convicted of a crime (felonious assault) not charged in the indictment. The Ohio Court of Appeals overruled this motion. It explained that because Freeman was represented by counsel, unless Freeman indicated his desire to forego his counsel's representation and to strike his counsel's previously filed brief, the court would not accept Freeman's *pro se* filings.

---

[1] The "termination entry" states that Freeman was convicted of "FELONIOUS ASSAULT (deadly weapon) (FIREARM SPECIFICATION) (FELONY 2)." This entry is inconsistent with both the jury instructions and the verdict, to the extent it suggests that Freeman was convicted of felonious assault with a deadly weapon.

Nevertheless, in December 2001 Freeman filed two supplemental *pro se* briefs. In both, Freeman argued that the indictment had been constructively amended because felonious assault is not a lesser included offense of attempted murder. Specifically, he argued that because felonious assault *committed against a peace officer* is a first degree offense, it does not satisfy the requirement that a "*lesser* included offense" carry a lesser penalty. *See State v. Deem*, 533 N.E.2d 294, 298 (Ohio 1988).[2] Therefore, Freeman argued that he was denied his due process rights under the Fifth and Fourteenth Amendments and his right to fair notice under the Sixth Amendment. But neither brief indicated that Freeman sought to forego counsel or strike his counsel's brief; therefore the Ohio Court of Appeals struck both supplemental briefs from the record. On February 15, 2002, the Ohio Court of Appeals affirmed the judgment of the trial court, rejecting the suppression arguments submitted by Freeman's counsel.

Prior to the Ohio Court of Appeals' decision, on January 9, 2002, the Ohio Supreme Court decided *State v. Barnes*, 759 N.E.2d 1240 (Ohio 2002). In *Barnes*, the court concluded that felonious assault with a deadly weapon, Ohio Revised Code § 2903.11(A)(2), is not a lesser included offense of attempted murder. The court reasoned that because § 2903.11(A)(2) requires the use of a deadly weapon while attempted murder under §§ 2903.02(A) and 2923.02(A) does not, the greater offense (attempted murder) could be committed without committing the lesser offense (felonious

---

[2] In *Deem*, the Ohio Supreme Court stated: "An offense may be a lesser *included* offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." 533 N.E.2d at 298 (emphasis in original).

assault with a deadly weapon) based on their statutory definitions. But, reviewing Barnes's claim for plain error—due to his failure to object to the felonious assault instruction at trial—the court concluded that given that state appellate courts had been divided on the issue, the trial court's "felonious assault with a deadly weapon" jury instruction was not plain or obvious at time it was committed. *Id*. at 1247-48.

On February 21, 2002, pursuant to Ohio Rule of Appellate Procedure 26(B), Freeman filed an application to re-open his direct appeal due to the ineffective assistance of his appellate counsel. This application cut and pasted Freeman's previous constructive amendment / due process arguments, and asserted that Freeman's trial and appellate counsel were ineffective for not raising these issues at trial and on direct appeal. Freeman did not make any argument based on *Barnes*.

The Ohio Court of Appeals denied Freeman's application. It essentially concluded that: (1) Freeman's constructive amendment / due process argument was without merit because the jury was not instructed on felonious assault *of a police officer* and therefore Freeman's appellate counsel was not ineffective for not raising this argument; and (2) because Freeman's trial counsel acquiesced in the felonious assault jury instruction for a strategic purpose—to obtain an additional jury instruction on aggravated assault—Freeman's appellate counsel was not ineffective for not raising an ineffective assistance of trial counsel claim.

Freeman appealed this decision.[3] The Ohio Supreme Court dismissed the appeal, concluding that it did not involve any substantial constitutional question.

---

[3] In his appeal to the Ohio Supreme Court, Freeman argued that felonious assault was neither lesser *nor included* in the offense of attempted murder, although he did not cite *Barnes*.

Returning to his direct appeal, on July 24, 2002, Freeman filed a *pro se* motion for delayed appeal of the Ohio Court of Appeals' decision rejecting Freeman's suppression arguments (which had originally been made through counsel). The Ohio Supreme Court denied the motion, refusing to exercise its discretion to review Freeman's untimely appeal.

Proceeding *pro se*, Freeman petitioned for *habeas* relief pursuant to 28 U.S.C. § 2254. The magistrate judge's report and recommendation construed Freeman's petition as alleging three grounds for relief: (1) that he was denied due process of law when the trial court constructively amended the indictment by instructing the jury on felonious assault; (2) his appellate counsel was ineffective by (a) failing to raise this constitutional issue and (b) failing to assert the ineffectiveness of his trial counsel for not raising the constructive amendment/jury instruction issue; and (3) a *Blakely* claim that his sentence was impermissibly increased on the basis of judicially determined facts. Adopting the magistrate judge's report, the district court determined that Freeman's constructive amendment/due process claim was procedurally defaulted and that Freeman was not entitled to habeas relief on his second and third claims.

On appeal, Freeman argues that the district court erred in rejecting his constructive amendment and ineffective assistance of appellate counsel claims.

**II.**

We review the district court's factual findings for clear error and its ultimate refusal to grant *habeas* relief *de novo*. *Combs v. Coyle*, 205 F.3d 269, 277 (6th Cir. 2000). State court determinations are governed by the standard of review provided by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2254(d), which states that:

[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* For the purposes of AEDPA, we review the last state court decision on the merits. *Dyer v. Bowlen*, 465 F.3d 280, 284 (6th Cir. 2006). Where there is no state court decision to review on particular issues, *de novo* review applies. *Id.* Factual findings made by the state court are presumed to be correct. 28 U.S.C. § 2254(e)(1). An applicant has the burden of rebutting this presumption by clear and convincing evidence. *Id.*

### III.

Freeman argues that the felonious assault jury instruction constituted a constructive amendment of the indictment, in violation of his right to due process.

### A.

Before seeking *habeas* relief, a state prisoner must exhaust available state remedies by fairly presenting all claims to the state courts. 28 U.S.C. § 2254(b). To "give the state courts one full opportunity to resolve any constitutional issues" state prisoners must invoke "one complete round of the State's established appellate review process." *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). This generally means a prisoner must raise a constitutional claim on direct review, *see id.*, and appeal any adverse decision to the

"highest court in the state in which [he] was convicted." *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003). The burden is on the petitioner to prove that he has exhausted these remedies. *Id.* The failure to exhaust is considered a procedural default when "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate [1] cause for the default and [2] actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Combs*, 205 F.3d at 274 (quoting *Coleman*, 501 U.S. at 750).

The district court concluded that Freeman's constructive amendment claim was procedurally defaulted because Freeman failed to present it to the Ohio Supreme Court in a timely direct appeal or in his motion for delayed appeal. Freeman acknowledges these failures, but argues that: (1) because he attempted to raise the constructive amendment claim on direct review by submitting *pro se* briefs to the court of appeals, his failure to exhaust should be excused; and (2) ineffective assistance of appellate counsel provided cause for the default.[4]

---

[4] Freeman does not argue that he satisfied the exhaustion requirement by raising his constructive amendment claim in his Rule 26(B) application. Even so, his Rule 26(B) application would not serve to exhaust his underlying constructive amendment claim. While a Rule 26(B) application must allege counsel errors or omissions establishing the deficient representation, Ohio App. R. 26(B)(2)(c), these allegations "cannot function to preserve" the underlying constitutional argument. *See White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005) (Rule 26(B) application asserting that appellate counsel was ineffective by failing to assert *Batson* claim did not preserve the underlying *Batson* claim).

**1.**

Freeman first argues that he should be excused from failing to seek supreme court review of this claim because he attempted to raise the issue in *pro se* briefs to the court of appeals. Again, the court of appeals refused to consider these *pro se* filings because Freeman was represented by counsel and had not indicated that he wished to forego this representation or to strike the brief that his counsel had filed on his behalf.

Freeman alludes to the principle that exhaustion failures may be excused where it would be "an exercise in futility" because, for example, "the state process [is] ineffective or inadequate to protect his federal constitutional rights." *See Turner v. Bagley*, 401 F.3d 718, 724-26 (6th Cir. 2005) (citation and quotation marks omitted) (excusing failure to exhaust state remedies where state, by failing to prosecute and ensure prisoner's timely representation allowed a prisoner's appeal to languish on the docket "for nearly eleven years without meaningful attention"). But this is not a case where the "prisoner has done everything possible to comply with the [state process] and it is the custodial state that is responsible for the prisoner's default." *See Norton v. Parke*, 892 F.2d 476, 481 (6th Cir. 1989). Freeman simply failed to timely appeal and then to make the constructive amendment / due process claim in his motion for delayed appeal. And if Freeman took issue with the court of appeals' rejection of his *pro se* briefs, he could have raised this issue with the Ohio Supreme Court as well.

Accordingly, Freeman's constructive amendment argument is procedurally defaulted.

**2.**

Freeman argues, however, that he can show cause for the procedural default based on the ineffective assistance of appellate counsel. Freeman is correct that ineffective assistance of appellate counsel can generally provide cause for procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). But we are unsure how Freeman's appellate counsel could have caused his procedural default in this case. Whatever omissions Freeman's counsel made in his briefs to the *court of appeals*, it does not appear that Freeman had counsel when he failed to file a direct appeal to the Ohio Supreme Court or when he filed a *pro se* motion for delayed direct appeal.[5] But assuming *arguendo* that counsel could have caused the procedural default, we turn to an examination of whether ineffective assistance excused the default. Because this issue is intertwined with the merits of the issue that was not raised, we turn to the merits of the constructive amendment claim.[6]

**IV.**

Freeman argues that the felonious assault jury instruction constituted a constructive amendment of the indictment, in violation of his right to due process. This argument rests on an assertion that the offenses of which Freeman was convicted were not lesser included offenses of his

---

[5] It is not clear from the record when exactly Freeman decided to forego counsel. The court of appeals issued its decision rejecting Freeman's suppression arguments on February 15, 2002. Freeman filed his Rule 26(B) application shortly thereafter on February 21, 2002 while acting *pro se*. When he eventually filed his motion for delayed direct appeal, he again acted without counsel.

[6] Although we normally do not review unexhausted claims, because the exhaustion requirement is not jurisdictional, this court may nevertheless review an unexhausted claim. *See Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000).

original charge and relies on *Barnes*. Freeman cannot show the plain error necessary to prevail on this claim.

**A.**

Because there is no state court decision addressing the merits of this argument, review would ordinarily be *de novo*. *Dyer*, 465 F.3d at 284. However, where a "defendant fails to object at trial to an instruction claimed on appeal to represent a constructive amendment, this court reviews only for plain error." *United States v. Budd*, 496 F.3d 517, 528 (6th Cir. 2007); *see also United States v. Mann*, 195 F. App'x 430, 437 (6th Cir. 2006) (applying plain error where counsel initially objected to the proposed jury instructions but later withdrew objection). The plain error standard applies in *habeas* proceedings as well. *Cristini v. McKee*, 526 F.3d 888, 901 (6th Cir. 2008).

In reviewing Freeman's Rule 26(B) application, the court of appeals found that Freeman did not object, but acquiesced, to the felonious assault jury instruction. We presume this finding to be correct because Freeman makes no attempt to rebut it. *See* 28 U.S.C. § 2254(e)(1). Therefore, Freeman must establish plain error by showing "(1) error, (2) that was obvious or clear, (3) that affected [his] substantial rights, and (4) that affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (*en banc*) (internal quotations and citation omitted).

**B.**

"A constructive amendment results when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an

-10-

offense other than the one charged in the indictment." *United States v. Smith,* 320 F.3d 647, 656 (6th

Cir. 2003).

Felonious assault is codified by Ohio Revised Code § 2903.11(A). This subsection provides:

No person shall knowingly do either of the following:

(1) Cause serious physical harm to another or to another's unborn;

(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

Thus only § 2903.11(A)(2) refers to felonious assault *with a deadly weapon*.

In delivering the jury instructions in this case, although the trial judge did not explicitly note

to which subsection of § 2903.11(A) he referred, it is clear that he instructed the jurors on the

elements required for a § 2903.11(A)(1) offense. After all, he told jurors that "felonious assault is

knowingly causing serious physical harm to another." He then clarified the elements of this offense

by defining "knowingly," and "serious physical harm." The instructions made no mention of the

"deadly weapon" aspect of a § 2903.11(A)(2) offense. Moreover, he was careful to define "*serious*

physical harm," *see* § 2903.11(A)(1) as opposed to "physical harm," *see* § 2903.11(A)(2).

In *Barnes,* the Ohio Supreme Court concluded that felonious assault *with a deadly weapon*,

Ohio Revised Code § 2903.11(A)(2), is not a lesser included offense of attempted murder. 759

N.E.2d at 1245-46. The court reasoned that § 2903.11(A)(2) requires the use of a deadly weapon

while attempted murder under §§ 2903.02(A) and 2923.02(A) does not, it is possible to commit

attempted murder without committing felonious assault with a deadly weapon. *Id*. at 1246.

-11-

Accordingly a § 2903.11(A)(2) offense cannot be a lesser *included* offense of attempted murder. *Id*. (citing *State v. Deem*, 533 N.E.2d 294, 298 (Ohio 1988)).

But § 2903.11(A)(1) does not require the use of a deadly weapon. Therefore *Barnes* does not apply where a jury is instructed that it might find felonious assault under § 2903.11(A)(1) as a lesser included offense of attempted murder. Prior to *Barnes*, courts of appeals in Ohio distinguished between felonious assault under § 2903.11(A)(1) and under § 2903.11(A)(2). *See State v. Roderick E. Hall,* 1996 WL 256610, at *3 (Ohio Ct. App. May 17, 1996) (unpublished decision) (noting that courts of appeals cases concluding that felonious assault is a lesser included offense of attempted murder "appear to have been cases in which the jury was instructed as to [§] 2903.11(A)(1), which refers to "serious physical harm" as opposed to (A)(2), which specifies "physical harm . . . by means of a deadly weapon"). And following *Barnes*, at least one case suggests that *Barnes* only proscribed using felonious assault *with a deadly weapon* under § 2903.11(A)(2) as a lesser included offense of attempted murder. *See State v. Williams*, 2003 WL 149481, at *2 (Ohio Ct. App. Jan. 17, 2003) (unreported decision) ("In [*Barnes*] the Ohio Supreme Court held that *felonious assault with a deadly weapon* is not a lesser included offense of attempted murder.").[7]

_____

[7] Two additional Ohio cases are instructive. In *State v. Mabry*, 449 N.E.2d 16 (Ohio Ct. App. July 15, 1982) (*Mabry I*) the court of appeals concluded that it was error for the trial court to deny Mabry's request for an instruction on felonious assault as a lesser included offense of attempted murder. *Id*. at 17-18 (noting the definition of felonious assault under § 2903.11(A)(1)). On remand, the trial court instructed the jury on felonious assault *with a deadly weapon*, § 2903.11(A)(2), an instruction approved by the court of appeals in *State v. Mabry*, 1984 WL 3553 (Ohio Ct. App. Nov. 1, 1984) (*Mabry II*) (concluding that felonious assault under § 2903.11(A)(1) *or* § 2903.11(A)(2) is a lesser included offense)*. While *Mabry II* was clearly abrogated by *Barnes*, *see* 759 N.E.2d 1248; *State v. Williams*, 2003 WL 149481, at *2 (Ohio Ct. App. Jan. 17, 2003) (unreported decision), *Mabry I* appears to remain good law.

Because the trial judge only instructed the jury on § 2903.11(A)(1), which does not require the use of a deadly weapon, *Barnes* does not apply to this case. Moreover Freeman makes no attempt to explain how one could commit attempted murder pursuant to §§ 2903.02(A) and 2923.02(A), without committing felonious assault under § 2903.11(A)(1). We fail to see how one could "purposely or knowingly" cause the death of another, §§ 2903.02(A), 2923.02(A), without "knowingly causing serious physical harm to another," § 2903.11(A)(1).

Because the jury instruction and evidence presented did not "modify essential elements of the offense charged" so that Freeman may have been convicted of an offense other than the one charged in the indictment, *see Smith,* 320 F.3d at 656, a constructive amendment did not occur. Therefore, Freeman fails to show error, plain or otherwise.

**V**.

Freeman argues that his appellate counsel was ineffective by failing to raise a constructive amendment / due process claim based on *Barnes*. Freeman asserts this as cause for his failure to exhaust his constructive amendment claim (discussed above) and as a constitutional deprivation in and of itself.

*Barnes* was not decided until January 9, 2002, well after Freeman's counsel submitted his brief to the Ohio Court of Appeals (August 27, 2001). Because, however, *Barnes* was decided prior to his own case (February 15, 2002) evidently Freeman contends that his counsel should have submitted a letter of supplemental authority.

-13-

Freeman had a constitutional right to effective assistance of appellate counsel on his first appeal. *Haliym v. Mitchell*, 492 F.3d 680, 694 (6th Cir. 2007). To establish that his appellate counsel's performance deprived him of his Sixth and Fourteenth Amendment rights, Freeman "must show: (1) that counsel's performance was objectively deficient; and (2) prejudice, which means that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984)).

Freeman can show neither. In evaluating whether failure to raise an issue amounts to deficient representation we "assess the strength of the claim appellate counsel failed to raise." *See Valentine v. United States*, 488 F.3d 325, 338 (6th Cir. 2007). As is clear from the discussion above, *see supra* Part III, Freeman's counsel had good reason not to make the *Barnes* argument he now advances. Moreover, Freeman cannot show prejudice since the non-meritorious argument would not have affected the outcome of his case. Freeman cannot claim that ineffective assistance excused his default, nor can he prevail on the merits of the claim.[8]

## VI.

For the foregoing reasons, we affirm.

---

[8] The ineffective assistance argument made here differs somewhat from the argument Freeman made in his Rule 26(B) application. Although we have substantial doubt whether Freeman exhausted this claim, we consider the merits in the interest of efficiency. *See Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000) (because the exhaustion requirement is not jurisdictional, the court may review the merits of an unexhausted claim).